UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

MARTIN S. STANCIK, JR., : CASE NO. 1:17-CV-01809
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 8, 11]
DEUTSCHE BANK, *et al.*, :
:
Defendants. :
:

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This action was originally filed by *pro se* Plaintiff Martin S. Stancik, Jr. in the Cuyahoga County Court of Common Pleas, against Deutsche Bank, Deutsche Bank National Trust Company ("Deutsche Bank"), HomEq Servicing Corporation ("HomEq"), Ocwen Loan Servicing, LLC. ("Ocwen"), President Donald J. Trump ("President Trump"), and Commerce Secretary Wilbur Ross ("Secretary Ross"). The Complaint contains claims for fraud, libel, and false light invasion of privacy in connection with multiple state foreclosure actions. The Defendants removed the action to federal court on the basis of diversity jurisdiction. President Trump filed a Motion for Judgment on the Pleadings under Federal Civil Procedure Rule 12©.¹ The remaining Defendants filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6).² Plaintiff opposed the Motion to Dismiss.³

---

¹ Doc. No. 11

² Doc. No. 8

³ Doc Nos. 15, 18

## I. Background

Plaintiff obtained a mortgage for property located at 724 Wyleswood Drive in Berea, Ohio with New Century Mortgage Corporation on March 26, 2004. Deutsche Bank acquired Plaintiff's mortgage in August 2004.

In 2005, Deutsche Bank, as Trustee for Home Equity Service Corporation, nka HomEq, filed a foreclosure action against Plaintiff in state court, alleging Plaintiff had fallen behind in his mortgage payments.[4] Plaintiff vehemently denies he was delinquent on his mortgage payments, insisting he made every payment. He filed counterclaims for breach of contract, negligence, fraud, violation of duty of care, and invasion of privacy.[5] The parties settled the case, with Plaintiff agreeing to resume mortgage payments and HomEq agreeing to pay Plaintiff $ 5,000.00 in damages. The parties also agreed that as a result of the foreclosure, Plaintiff had missed payments from March 2005 to May 2006. HomEq agreed to waive those missing payments along with late fees, penalties, and arrearages as of the settlement date.

Plaintiff contends he resumed making monthly mortgage payments; however, in September 2006, HomeEq again refused to accept his payments claiming he was in default. He contends he attempted to resolve the situation but HomeEq refused to take his calls. Its not clear from the pleadings if Home Eq filed another foreclosure action at that time.

In 2011, Plaintiff filed suit against Deutsche Bank, Ocwen, and the law firm of Ulmer & Berne, LLP in the Cuyahoga County Court of Common Pleas.[6] He alleged claims for breach of

---

[4] *See Deutsche Bank National Trust Company as Trustee v Stancik*, Case No. CV 05 564330 (Cuy. Cty. Ct. Comm. Pl. filed June 2, 2005).

[5] *Id.*

[6] *See Stancik v. Ulmer & Berne, LLP,* Case No. CV-11-748081 (Cuyahoga Cty Ct. Comm. Pl. filed Feb. 8, 2011).

contract, unfair debt collection, fraud, intimidation, harassment, estoppel, emotional stress, negligence, and deterioration of his health as a result of the 2006 refusal to accept his mortgage payments. The court granted summary judgment in Deutsche Bank's favor, and dismissed the action on September 20, 2011.

Plaintiff then filed a 2012 action in this federal court under 42 U.S.C. § 1983 challenging statements made by Deutsche Bank's attorneys in their state court summary judgment brief suggesting Plaintiff fell behind on his mortgage payments. He also asserted state law claims for fraud, libel, slander, defamation of character, and breach of contract. This Court dismissed the action finding that none of the Defendants qualified as state actors to maintain a cause of action under § 1983, and absent a viable federal question, the Court lacked subject matter jurisdiction to hear the case.[7]

Deutsche Bank, as Trustee, filed another foreclosure action against Plaintiff in October 2012.[8] The Court denied Deutsche Bank's Motions for Default Judgment or Summary Judgment and dismissed the action without prejudice because the name of the entity to which the mortgage and note were assigned differed from the name of the Plaintiff listed on the Complaint.

Plaintiff responded by filing suit against Deutsche Bank in state court in September 2013, asserting claims for negligence, breach of implied covenant of good faith and fair dealing, breach of fiduciary responsibility, intentional infliction of emotional distress, conversion, and

---

[7] *Stancik v. Felty & Lembright Co., LPA*, No. 1:11 CV 2618 (N.D. Ohio Mar. 2, 2012).

[8] *Deutsche Bank Natl. Trust Co., as Trustee v. Stancik*, No. CV-12-793607 (Cuyahoga Cty Ct. Comm. Pl. Apr. 9, 2013).

fraud for the failed foreclosures in 2005, 2006 and 2012.[9] The court granted summary judgment in favor of Deutsche Bank on September 9, 2014. That judgment was upheld on appeal.[10] The Supreme Court of Ohio declined jurisdiction on December 30, 2015.

Plaintiff has now filed this case against Deutsche Bank, Hom Eq, Ocwen, President Trump, and Secretary Ross asserting fraud, libel, and false light invasion of privacy claims for representations made in the course of the 2005, 2006, and 2012 foreclosures, as well as the representations made in their defenses to his civil suits in 2011, 2012, and 2013. He contends the Defendants used fraudulent and libelous documents in connection with attempts to foreclose the mortgage causing him to experience shame, embarrassment, loss of income, and stress-related illnesses. He asserts Secretary Ross served on Ocwen's Board of Directors and knew or should have known about Ocwen's activities during the mortgage crisis. He alleges Trump had a close business relationship with Deutsche Bank and Ocwen for over 20 years and he therefore should have known of their fraudulent activities during the mortgage crisis.

Defendants Deutsche Bank, HomEq, Ocwen, and Secretary Ross filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6), claiming Plaintiff's claims are barred by *res judicata*, barred by the applicable statute of limitations periods and failed to state a claim upon which relief may be granted. Trump filed a Motion for Judgment on the Pleadings claiming Plaintiff's claims are barred by the applicable statute of limitations and Plaintiff failed to allege facts suggesting he engaged in fraud, made libelous statements or placed Plaintiff in a false light. Trump also contends he is absolutely immune from suit.

---

[9] *Stancik v. Deutsche National Bank*, No. CV-13-814375 (Cuyahoga Cty Ct. Comm. Pl.

[10] *Id.*

## II. Legal Standard

The procedural standard for determining a judgment on the pleadings under Rule 12© is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6).[11] "To survive a Motion to Dismiss under Rule 12(b)(6), a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[12] The plausibility requirement is not a "probability requirement."[13] Plaintiff need not try to prove his case in the Complaint; however, there must be "more than a sheer possibility that the Defendant has acted unlawfully."[14]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a Complaint "contain...a short and plain statement of the claim showing that the pleader is entitled to relief."[15] Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but "it does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions."[16] In deciding a Motion to Dismiss under Rule 12(b)(6), a Court should assume the veracity of well-pleaded factual

---

[11] *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir.1999)).

[12] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).

[14] *Id.*

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Iqbal,* 556 U.S. at 678–79 (citations omitted).

allegations, but need not accept a Plaintiff's conclusory allegations as true.[17] In resolving a Motion to Dismiss, the Court must confine its review to the matters in the pleadings.[18] If the Court reviews matters outside the pleadings, "the Motion must be treated as one for Summary Judgment under Rule 56."[19]

### III. Analysis

As an initial matter, the claims asserted in this action were or could have been asserted in the prior state actions and are now barred by *res judicata*. Plaintiff cannot file a case in federal court to relitigate issues or claims already decided by the state courts.[20] This Court must give full faith and credit to the state court judgments.[21] Plaintiff filed civil actions against Deutsche Bank and Ocwen in 2011 and 2013 and asserted claims for fraud, breach of contract, intimidation, harassment, unfair debt collection practices, intentional infliction of emotional distress, and breach of fiduciary duties. Defendants were granted summary judgment in both actions. Plaintiff now has new legal theories for recovery based on the same set of facts. *Res judicata* bars "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action" and any claim which was brought or which "could have been litigated in the previous suit."[22] Plaintiff could have brought his libel and false light invasion of

---

[17] *Id.* at 679.

[18] Fed. R. Civ. P. 12(d).

[19] *Id.*

[20] *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

[21] *Id.*; *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

[22] *Grava v*, 73 Ohio St. 3d at 382.

-6-

privacy claims in the previous state court actions. He is barred from bringing them in this federal court action.

Furthermore, all of the claims asserted by Plaintiff are barred by the applicable statute of limitations. Libel and false light invasion of privacy claims based on defamation are subject to a one-year statute of limitations period, that begins to accrue on the first date of publication.[23] Fraud claims have a four-year statute of limitations that accrues when the Plaintiff discovers or should have discovered the alleged fraud.[24] The claims in this case pertain to statements made during the 2005, 2006 and 2012 foreclosure actions. The last foreclosure action was dismissed by the state court in April 2013, meaning the last statement by Defendants that could have given rise to a claim was made before April 2013. Plaintiff filed this action in the Cuyahoga County Common Pleas Court on July 31, 2017, beyond both the one-year and four-year statute of limitations. The claims in this action are time-barred.

Finally, Plaintiff fails to state a claim upon which relief may be granted. The essential elements of a defamation action (libel is written defamation) are a false, defamatory statement, that was published, that injured the Plaintiff, and that was made by the Defendant with the required degree of fault.[25] The tort of false light invasion of privacy is similar but requires the Defendant to publicize, rather than merely publish, the false and highly offensive material.[26]

---

[23] Ohio Rev. Code § 2305.11(A); *Stout v. FedEx Ground Package Sys., Inc*., No. 3:14-CV-02169, 2015 WL 7259795, at *3 (N.D. Ohio Nov. 17, 2015); *Morgan v. Hustler Magazine, Inc.*, 653 F. Supp. 711, 717 (N.D. Ohio 1987).

[24] Ohio Rev. Code § 2305.09(C); *MV Circuit Design, Inc. v. Omnicell, Inc*., No. 1:14 CV 2028, 2015 WL 1321743, at *9 (N.D. Ohio Mar. 24, 2015)(citing *Cundall v. U.S. Bank,* 122 Ohio St.3d 188, 909 N.E.2d 1244, 1250 (2009)).

[25] *Celebrezze v. Dayton Newspapers, Inc*., 41 Ohio App.3d 343, 346-47 (1988).

[26] Welling v. Weinfeld, 113 Ohio St. 3d 464, 468 (2007)

Plaintiff does not allege Trump or Secretary Ross made statements about him in any form or context. The statements he alleges the other Defendants made were in documents filed with the court in the course of litigation. Statements made in a "judicial proceeding enjoy[ ] an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears."[27]

Plaintiff also includes a cause of action for fraud. To state a claim for fraud, Plaintiff must specify a representation made by the Defendants, that was material to the transaction at hand, that was made falsely with the intent of misleading Plaintiff into relying on it, that the Plaintiff did rely on it, and sustained an injury.[28] Plaintiff does not allege facts suggestion any of the Defendants made materially false statements to him to mislead him or that he relied on statements of the Defendants to his detriment. He has not stated a claim for fraud.

---

[27] *Hecht v. Levin,* 66 Ohio St.3d 458, 460 (1993)(citing *Surace v. Wuliger*, 25 Ohio St.3d 229 (1986)).

[28] *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984); *Marshall v. Cooper & Elliott*, No. 104959, 2017 WL 2984010, at *3 (Ohio Ct. App. July 13, 2017).

## IV. Conclusion

Accordingly, this action is dismissed pursuant to Federal Civil Procedure Rules 12 (b)(6) and 12(c). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[29]

IT IS SO ORDERED.

Dated: January 19, 2018    *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[29] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.