UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

MARTIN S. STANCIK, JR., : CASE NO. 1:17-CV-01809
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 21]
DEUTSCHE BANK, *et al.*, :
:
Defendants. :
:

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff filed a Motion for Reconsideration[1], asking the Court to revisit the Memorandum of Opinion and Order[2] granting the Defendants' Motion for Judgment on the Pleadings under Federal Civil Procedure Rule 12(c),[3] and Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6).[4] The Defendants oppose Plaintiff's Motion.[5]

A Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment.[6] Federal Civil Procedure Rule 59(e) allows a party to file a Motion to Alter or Amend its Judgment when one of the following circumstances arises: (1) there is an

---

[1] Doc. No. 21

[2] Doc. No. 19

[3] Doc. No. 11

[4] Doc. No. 8

[5] Doc. Nos. 22, 23

[6] *Moody v. Pepsi-Cola Metro. Bottling Co*., 915 F.2d 201, 206 (6th Cir. 1990).

intervening change in the controlling law; (2) evidence not previously available became available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.[7] Rule 59(e) Motions are "entrusted to the Court's sound discretion."[8] They are not intended as an opportunity to relitigate previously considered issues, or to attempt to persuade the Court to reverse the judgment by offering the same arguments previously presented.[9]

In support of his Motion, Plaintiff states three grounds for relief. First, he states his loss of "millions of dollars in income over 10 years due to the false statements of Deustche Bank is not a frivolous matter and should be taken seriously by this Court."[10] Second, he states the actions of this Court and other Courts denying him relief demonstrate they are biased against him.[11] Third, he alleges Deutsche Bank admitted to the Justice Department in 2017 that they filed false documents in many cases and yet the Court failed to consider this when granting judgment in favor of the Defendants.[12] Although not stated as a separate ground for relief,

---

[7] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

[8] *Constr. Helicopters, Inc. v. Heli-Dyne Sys., Inc.*, Nos. 88-1166, 88-1192, 1989 WL 54111, at *4 (6th Cir. May 23, 1989); *Keweenaw Bay Indian Community v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich.1996) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982)).

[9] *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

[10] Doc. 21 at 2

[11] Doc. 21 at 2

[12] Doc. 21 at 2

Plaintiff also suggests this Court's opinion is in conflict with an unidentified New York Supreme Court case.

In his Complaint, Plaintiff challenged a state court foreclosure judgment. The Court dismissed this action on the grounds of *res judicata*, expiration of statute of limitations, and failure to state a claim upon which relief may be granted. In his Motion, Plaintiff continues to assert he was treated unfairly by the Deutsche Bank, and expresses frustration that he has been unable to obtain relief from the courts. He, however, has not suggested any particular clear error of law in the Court's analysis, any intervening change in controlling law, or any newly discovered evidence. Plaintiff has not demonstrated he is entitled to relief under Rule 59(e).

Accordingly, Plaintiff's Motion for Reconsideration[13] is denied.

IT IS SO ORDERED.


Dated: February 26, 2018         *s/     James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[13] Doc. No. 21