UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

MARTIN S. STANCIK, JR., : CASE NO. 1:17-CV-01809
:
Plaintiff, :
:
vs. : ORDER
: [Resolving Doc. No. 28]
DEUTSCHE BANK, *et al.*, :
:
Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff filed a Motion to Alter or Amend Judgment under Rule 59(e) and to Grant a New Trial (Doc. No. 28). This is Plaintiff's third post judgment Motion seeking relief from the Court's dismissal of his case. He filed a Motion to Alter or Amend Judgment under Rule 59(e) on February 1, 2018, which was denied by the Court on February 26, 2018 (Doc. No. 25). He filed a Motion to Deny the District Court's February 26, 2018 Order due to false information. The Court also denied that Motion (Doc. No. 27). Undeterred, he has filed a third post judgment Motion seeking relief from the dismissal of his case under Rule 59(e).

As the Court stated in its prior Orders, Rule 59(e) does not give a disappointed litigant an opportunity to restate previously considered issues, or to attempt to persuade the Court to reverse the judgment by offering the same arguments previously presented.[1] It is available only

---

[1] *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before);

if there is a clear error of law, an intervening change in the controlling law or newly discovered evidence. This most recent Motion simply restates that the Common Pleas Court should not have granted a judgment of foreclosure in favor of the Defendant and this Court should have overturned that judgment and permitted him to litigate it anew. He has not demonstrated entitlement to relief under Rule 59(e).

Up to this point, the Court has been tolerant of Plaintiff's *pro se* filings; however, there comes a point when it can no longer allow Plaintiff to continue to file frivolous Motions to attempt to relitigate a matter that already was decided by the Cuyahoga County Court of Common Pleas. The filing of frivolous lawsuits and Motions strains an already burdened federal judiciary. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."[2]

The Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings.[3] To this end, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants.[4] After a careful review of Plaintiff's conduct in this case, the Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this

---

*Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").
2     *In re McDonald*, 489 U.S. 180, 184 (1989).
3     *In re Sindram*, 498 U.S. 177, 179-80 (1991).
4     *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

manner. Plaintiff is enjoined from filing additional post judgment motions, affidavits, or other documents in this case.

Accordingly, Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) and to grant a new trial (Doc. No. 28) is denied. Further, Plaintiff is enjoined from filing additional post judgment Motions, Affidavits, or other documents in this case. The Clerk is directed to return, unfiled, any further documents submitted for filing in this action by Plaintiff.

IT IS SO ORDERED.


Dated: October 1, 2018         *s/     James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE